Drake, Oh. J.,
delivered the opinion of the court:
Among the evidence for the claimant found in the printed record in this suit is a deposition of John W. Byers, the concluding question and answer in which are as follows:
“ Question propounded to witness by commissioner. Do yQU know of any other matter relative to the claim in question ? If so, state it.
u Answer. I do not, if ^understand the nature of the claim, except that all trains were required to travel by what is Imown as the Baton route.”
On the 31st of December, 1872, the Assistant Attorney-General, charged with conducting the defense of this case, informed Harvey Spalding, esq., the claimant’s attorney, by letter, that the attorney who represented the United States at the taking of the deposition of Byers averred that no question suggesting the ciause of said answer following the word “claim ” had been propounded by him, or by the commissioner, to the witness, and that he was surprised that that clause apiieared in the testimony and he requested that it should be struck out of the deposition, or that the witness should be again produced before the commissioner for cross-examination in reference thereto.
This was declined by Mr. Spalding, because the commissioner certified that Byers did make such answer, and because the question immediately preceding that of the commissioner was put to the witness by the attorney representing the Government.
Thereupon, on the 18th of March, 1873, the Assistant Attorney-General filed a motion that the clause'in question be stricken out, or that the witness be produced by the claimant for cross-examination.
In support of this motion that officer relied upon certain affidavits, and also upon an inspection by the court of the original deposition. After a careful examination of both, the court announced that prima facie it appeared that after the deposition had been signed by the witness, and after the Government’s attorney had left the place where it was taken, the clause in question had, at the request of the deponent, been added by interlineation, without the knowledge of the Government’s attorney.
The decision of the motion was, however, left open, that the *335 claimant might have time and opportunity to rebut the prima-, facie case.
When the matter again came up, the claimant’s attorney relied upon three affidavits, only one of which was taken after the court announced that the prima-faeie case was made out. They do not, in any material point, rebut that case. One of the affidavits was that of the witness, Byers, made after that announcement. If any one could prove that the interlineation was made in the presence or with the knowledge of the Government’s attorney, it would probably be this person; but he does not allege that such was the fact.
Another of the affidavits relied on was that of Mr. Spalding, who conducted the examination of Byers; and he, so far from •alleging that the clause in question was written down by the commissioner in the presence or with the knowledge of the Government’s attorney, says, on the contrary, that, according to his best recollection, that person withdrew before the full answer of the witness to the commissioner’s concluding question was written down. Had he said that the answer was given by the witness in the hearing and with the knowledge of that attorney it would have presented a different case; but he makes no such statement.
The prima-faeie case, therefore, stands unaffected by any direct evidence disproving it. From the affidavits submitted by the claimant’s attorney, he seems to rely for that purpose upon the fact that the Government’s attorney had full opportunity to examine, and did examine, the sheets of the deposition as they lay on the commissioner’s table; but the extent of the examination is not stated, nor whether it revealed to the attorney the fact of the interlineation. This does not even tend to disprove the prima-faeie case.
We have stated the facts of this matter somewhat at length, because we deem it proper to put the case, and our views in regard to it, upon record. ■
If there is any one matter concerning which ',more than another a court should exercise extraordinary vigilance, it is'in regard to the integrity of the depositions which are to be the basis of its judgment. Especially should this beso in this court. And if in relation to such we should make any discrimination in vigilance, it should be as to depositions taken on behalf of the claimants; for, ordinarily, the Government labors under a com *336 parative disadvantage in getting testimony. While claimants know all about their witnesses, and what they may be expected to testify, the officers of the Government must, from necessity, be much less fully and accurately informed in that respect. And when witnesses are to be examined at a distance from the seat of Government, those officers must rely upon such legal aid as they can obtain at the place where depositions are to be taken; which may or may not be competent and faithful. Under these or any other circumstances we hold it to be. the duty ■of the court to see that the depositions taken on behalf of either party shall state fairly what the witnesses testify when oall parties are present, without addition or subtraction. And when a prima-facie case is made out of an addition to or subtraction from the testimony, without the knowledge of the representative of the opposite party, we cannot hesitate for a moment to investigate the matter and apply the proper remedy.
What the remedy should be in a case of subtraction it is needless now to decide. In a case of addition, the least remedy is to strike out the part added. This must be done in this instance.
The motion to strike out is sustained.
Nott, J., did not sit in this case, and took no part in the decision of the question.